# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZAMIR SHAMSIEV,**<br>*Petitioner*,<br><br>**v.**<br><br>**TODD LYONS, *et al.*,**<br>*Respondents.* | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br>**NO. 26-7787** |

## ORDER

**AND NOW**, this 14th day of October 2026, upon consideration of Petitioner Zamir Shamsiev's, ("Petitioner"), *petition for writ of habeas corpus*, ("Petition"), (ECF 1), which seeks:

1. a declaration that Petitioner's Form I-589, Application for Asylum and for Withholding of Removal, was unlawfully and improperly dismissed;
2. a declaration that Petitioner is not subject to a valid expedited removal order; and
3. an order reinstating Petitioner's asylum application,

it is hereby **ORDERED,** for the reasons set forth in the footnote, that the Petition is **DENIED**, *without prejudice*, for lack of subject-matter jurisdiction.[1]

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

[1] The general purpose of a petition for writ of *habeas corpus* is to be released from custody. *Hatwell v. United States*, 2023 WL 6392754, at *1 (3d Cir. 2023) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)). Here, Petitioner's request for the relief sought cannot be construed as a release from custody. Instead, Petitioner's *habeas* petition is an attempt to redetermine his asylum and immigration status, which this Court has no jurisdiction to consider. "[Congress, i]n recognition of the serious consequences of an erroneous denial of asylum[, enacted the Immigration and Nationality Act, and gave] asylum seekers the right to present evidence to an immigration judge, 8 U.S.C. § 1229a (2002), the right to an administrative appeal of an adverse decision to the Board of Immigration Appeals ("BIA"), 8 U.S.C. § 1229a(c)(4), and the right to judicial review by a Court of Appeals of a final agency order denying asylum and directing removal. 8 U.S.C. § 1252 (2002)." *Dia v. Ashchroft*, 353 F.3d 228, 266-67 (3d. Cir. 2003). Accordingly, the underlying petition for a writ of *habeas corpus* is inappropriate and this Court lacks jurisdiction to address the merits of the petition. As such, the petition is denied, without prejudice, to reassert the petition in the proper venue.